| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| *In Re* | § | |
| TMT Procurement Corporation, *et al.* | § | |
| | § | Civil Action 13-2301 |
| Debtors. | § | Bankruptcy 13-33763 |

## Opinion on Leave to Appeal

1. On June 20, 2013, twenty-three Taiwanese companies filed for bankruptcy in the Southern District of Texas. They are owned by Taiwanese businessman Hsin-Chi-Su.

2. On June 24, 2013, the bankruptcy court held that it has subject jurisdiction. On July 18, it dismissed two of the cases and retained the rest, finding that the remaining cases were brought in good faith.

3. As part of the July 18 ruling, it ordered the debtors to produce $40 million of collateral to ensure Su's companies would obey the court's orders. Su – through a non-debtor company, F3 Capital – produced 25 million shares of Vantage Drilling Company. On July 23, the bankruptcy court entered its order memorializing the July 18 rulings.

4. On August 6, the secured lenders appealed both of the bankruptcy court's orders.

5. Because the secured lenders did not appeal the jurisdictional order within 14 days, it is too late to appeal that order.[1]

6. The secured creditors cannot appeal the July 23 order denying the motion to dismiss as a matter of right because it is an interlocutory – not final – order.[2] An order denying

---

[1] Fed. R. Bankr. P. 8001; Fed. R. Bankr. P. 8002.

[2] In re Phillips, 844 F.2d 230, 236 (5th Cir. 1988).

      a motion to dismiss is a preliminary step in the case, and does not directly affect the disposition of the estate's assets.

7. Arguing in the alternative, they also moved for leave to appeal the interlocutory order under 28 U.S.C. § 158(a).[3]

8. An interlocutory order should be allowed to be appealed if:
   A. A question of law is controlling.
   B. A substantial difference of opinion about that law pervades.
   C. An immediate appeal may substantially advance the case.[4]

9. Because the issues underlying the bankruptcy court's denial of the motion to dismiss are factual and not confused laws, the creditors may not appeal.

10. The major dilemma for the bankruptcy court was whether the debtors had brought their case in good faith and had intended to comply with its orders. It determined that $40 million in collateral would ensure cooperation. That is not legally controversial.

11. The creditors say that opinions differ about whether the court can consider F3's assets as collateral because it is not a debtor. Although they say that the law is confused, they concede that they have not identified a single conflicting decision about collateral.

12. A bankruptcy may be dismissed if it is not reasonably likely that the debtor will be rehabilitated or if it filed for bankruptcy in bad faith.[5] The creditors say opinions differ about the standard that the bankruptcy court must use in evaluating the motive and financial condition of the debtor.

---

[3] In re Royce Homes LP, 466 B.R. 81, 93 (S.D. Tex. 2012).

[4] 28 U.S.C. § 1292(b) (2012); In re Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991).

[5] 11 U.S.C. § 1112 (2012).

13. At the start of a case, bankruptcy courts use a relaxed standard because the facts have not been fully developed.[6] The creditors have not identified a single case disputing this standard either. The court evaluates the facts before it. You cannot regulate, legislate, or cite judgment out of judging.

14. The only other confused legal issue they identify concerns jurisdiction, which they may not appeal because it is too late.

15. The secured creditor's motion for leave to appeal will be denied.

Signed on September 13, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] In re Little Creek Dev. Co., 779 F.2d 1068, 1072-73 (5th Cir. 1986).